JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
DENISE GERACI

**DEFENDANTS**
SODEXO, INC. AND SDH EDUCATION EAST, LLC

**(b)** County of Residence of First Listed Plaintiff  **GLOUCESTER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  150,000.00 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE
03/10/2017

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause Do not cite jurisdictional statutes unless diversity.              Example:              U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

APPENDIX A

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 925 Lincoln Avenue, Franklinville, New Jersey 08322

Address of Defendant: 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878

Place of Accident, Incident or Transaction: 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878

*(Use Reverse Side For Additional Space)*

Does this case involve mutidistrict litigation possibilities?      Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court?

Yes ☐   No ☒

CIVIL: (Place **X** in ONE CATEGORY ONLY)

A. *Federal Question* Case&

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

**SIDNEY L. GOLD, ESQUIRE** _____ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought,

DATE: 03/10/2017 _____  /s/ SIDNEY L. GOLD, ESQUIRE   **SLG-21374**

Attorney-at-Law                              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: 03/10/2017 _____  /s/ SIDNEY L. GOLD, ESQUIRE   **SLG-21374**

Attorney-at-Law                              Attorney I.D.#

CIV 609 (9/99)

UNITED STATES DISTRICT COURT                                      APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 925 Lincoln Avenue, Franklinville, New Jersey 08322

Address of Defendant: 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878

Place of Accident, Incident or Transaction: 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities?                                    Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐   No☒

CIVIL: (Place  X  in ONE CATEGORY ONLY)

A. *Federal Question* Case&

1  ☐  Indemnity Contract, Marine Contract, and All Other Contracts
2  ☐  FELA
3  ☐  Jones Act-Personal Injury
4  ☐  Antitrust
5  ☐  Patent
6  ☐  Labor-Management Relations
7  ☒  Civil Rights
8  ☐  Habeas Corpus
9  ☐  Securities Act(s) Cases
10 ☐  Social Security Review Cases
11 ☐  All other Federal Question Cases
      (Please specify)

B. Diversity *Jurisdiction* Cases:

1  ☐  Insurance Contract and Other Contracts
2  ☐  Airplane Personal Injury
3  ☐  Assault, Defamation
4  ☐  Marine Personal Injury
5  ☐  Motor Vehicle Personal Injury
6  ☐  Other Personal Injury (Please specify)
7  ☐  Products Liability
8  ☐  Products Liability -Asbestos
9  ☐  All other Diversity Cases
      (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate* Category)

SIDNEY L. GOLD, ESQUIRE _____ counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 03/10/2017 _____ /s/ SIDNEY L. GOLD, ESQUIRE          SLG-21374
                                     Attorney-at-Law                      Attorney I.D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: 03/10/2017 _____ /s/ SIDNEY L. GOLD, ESQUIRE          SLG-21374
                                     Attorney-at-Law                      Attorney I.D.#

CIV 609 (9/99)

**IN THE- UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

DENISE GERACI                                        CIVIL ACTION

v

SODEXO, INC.

AND SDH EDUCATION EAST, LLC                          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C.
§ 2241 through §2255.                                           (  )

(b) Social Security - Cases requesting review of a
decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.           (  )

(c) Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 53.2.                       (  )

(c) Asbestos -- Cases involving claims for personal
injury or property damage from exposure to
asbestos.                                                      (  )

(d) Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred
to as complex and that need special or intense
management by the court. (See reverse side of
this form for a detailed explanation of special
management cases.)                                             (  )

(e) **Standard Management -- Cases that do not fall into
any one of the other tracks.**                                 (X)

03/10/2017                                       /S/SIDNEY L. GOLD, ESQUIRE

Date                                             Attorney-at-law

                                                 /S/SIDNEY L. GOLD, ESQUIRE
                                                 Attorney for Plaintiff

Wiy. 6601 7195

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENISE GERACI, | : | CIVIL ACTION NO: |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| SODEXO, INC. | : | |
| | : | |
| and | : | **JURY TRIAL DEMANDED** |
| | : | |
| SDH EDUCATION EAST, LLC | : | |
| *Defendants.* | : | |

**CIVIL ACTION COMPLAINT**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Denise Geraci ("Plaintiff Geraci"), a former employee of the Defendants, Sodexo, Inc. ("Defendant Sodexo") and SDH Education East LLC ("Defendant SDH") (collectively "Defendants"), who has been harmed by the Defendants' retaliatory employment practices.

2.    This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.

**II.    JURISDICTION AND VENUE:**

3.    The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Geraci's claims are

substantively based on the FMLA and a substantial part of the events giving rise to her claims occurred in this judicial district.

4.    This action has been filed within the two year statutory period in accordance with the FMLA.

## III.    PARTIES:

5.    Plaintiff, Denise Geraci ("Plaintiff Geraci"), is a sixty-one (61) year old citizen of the State of New Jersey, residing therein at 925 Lincoln Avenue, Franklinville, New Jersey 08322.

6.    Defendant, Sodexo, Inc. ("Defendant Sodexo"), was and is now a corporation, duly organized and existing under the laws of the State of Delaware, maintaining a principal place of business at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878.

7.    Defendant, SDH Education East, LLC ("Defendant SDH"), was and is now a limited liability corporation, duly organized and existing under the laws of the State of Delaware, maintaining a principal place of business at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878.

8.    While employed by the Defendants, Plaintiff Geraci performed her job responsibilities at Temple University, located at 2029 N. Broad Street, Philadelphia, Pennsylvania 19122.

9.  At all times relevant hereto, the Defendants were acting through their agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

10.  At all times material herein, the Defendants have been a "person" and "employer" as defined under the FMLA, and are accordingly subject to the provisions of said Act.

11.  At all times material herein, Plaintiff Geraci was an "eligible employee" as defined under the FMLA and was entitled to the protection of the provisions of said Act.

## IV.    STATEMENT OF CLAIMS

12.  Plaintiff Geraci was employed by the Defendants from on or about January 6, 1995 until on or about July 20, 2016, the date of her unlawful retaliatory termination.

13.  During the course of her twenty-one (21) year tenure of employment with the Defendants, Plaintiff Geraci held various positions and earned several promotions. Plaintiff Geraci began her employment with the Defendants as a Catering Manager and ultimately achieved the position of Catering Director IV, the position that she held at the time of her termination.

14.  In or about August of 2015, Plaintiff Geraci's daughter learned she was pregnant and was subsequently diagnosed with a high-risk pregnancy. In or about November of 2015, Plaintiff Geraci's son-in-law, her daughter's husband, was diagnosed with throat cancer, resulting in his inability to care for Plaintiff Geraci's daughter during her high risk pregnancy.

-3-

15.    In or about November of 2015, Plaintiff Geraci utilized two (2) personal days to care for her daughter. Shortly thereafter, in or about December of 2015, Mike Mahaffey ("Mahaffey"), District Manager, expressed his displeasure with Plaintiff Geraci's use of personal time during a management meeting by stating, "excessive call outs can be an issue for salaried managers even if you have the time."

16.    Fearful of losing her position of employment, on or about January 5, 2016, Plaintiff Geraci requested intermittent leave pursuant to the Family and Medical Leave Act ("FMLA") to care for her daughter. Additionally, Plaintiff Geraci requested a leave of absence for ten (10) days following the birth of her daughter's child. On or about January 22, 2016, the Defendants approved Plaintiff Geraci's requests.

17.    On or about February 1, 2016, the Complainant began utilizing FMLA leave each Monday to care for her daughter. Despite Plaintiff Geraci's approved leave, Licelis Lamboy-Brewington ("Lamboy-Brewington"), General Manager, relentlessly contacted Plaintiff Geraci via email and telephone during her FMLA days for work-related purposes. Furthermore, Lamboy-Brewington repeatedly demanded that Plaintiff Geraci report to the workplace on her approved days off and became agitated when Plaintiff Geraci was unable to do so.

18.    On or about April 2, 2016, Plaintiff Geraci's daughter gave birth. Despite Plaintiff Geraci's request for a ten (10) day leave of absence pursuant to the FMLA immediately following said birth, Defendants requested that Plaintiff Geraci postpone her leave due to Defendants' business needs.  Plaintiff Geraci accommodated the Defendants and commenced leave one (1) week thereafter.

-4-

19. During Plaintiff Geraci's leave of absence, Lamboy-Brewington repeatedly contacted her for work related purposes, causing Plaintiff Geraci unnecessary stress while caring for her daughter.

20. On or about May 19, 2016, in a blatant act of retaliation for exercising her rights pursuant to the FMLA, the Defendants issued Plaintiff Geraci a "Note to File," allegedly due to "performance deficiencies." Thereafter, on or about May 26, 2016, Plaintiff Geraci received a sixty (60) day "Action Plan," allegedly based upon the same "deficiencies" addressed in the "Note to File." Significantly, the allegations of poor performance contained therein were false and the issuance of the same was entirely unjustified.

21. Thereafter, despite Plaintiff Geraci's satisfactory performance in compliance with the "Action Plan," the Defendants failed to comply with the same. Specifically, Lamboy-Brewington refused to meet with Plaintiff Geraci on a weekly basis, as mandated by the "Action Plan," thereby failing to provide Plaintiff Geraci with any feedback regarding her performance. Furthermore, when Plaintiff Geraci attempted to discuss her performance with Lamboy-Brewington, she simply instructed Plaintiff Geraci to "see the writing on the wall," thereby implying that the Defendants intended to terminate her employment regardless of her successful completion of the Plan.

22. On or about July 28, 2016, the Defendant terminated Plaintiff Geraci's employment, allegedly for failing to complete the objectives of the "Action Plan."

23.     Plaintiff Geraci believes and avers that the Defendant's articulated reason for her termination is pretextual and that she was actually terminated in retaliation for exercising her rights pursuant to the FMLA.

## COUNT I
### (FMLA Retaliation)
### Plaintiff Geraci v. the Defendants

24.     Plaintiff Geraci incorporates by reference paragraphs 1 through 23 of her Complaint as though fully set forth herein.

25.     The actions of the Defendants, through their agents, servants and employees, in retaliating against Plaintiff Geraci for exercising her rights pursuant to the FMLA, ultimately resulting in the termination of his employment, constituted a violation of the FMLA.

26.     The aforesaid actions of the Defendants were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Geraci's rights.

27.     As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendants, as aforesaid, Plaintiff Geraci has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
### (FMLA Interference)
### Plaintiff Geraci v. the Defendants

28.     Plaintiff Geraci incorporates by reference paragraphs 1 through 27 of her Complaint as though fully set forth herein.

29. The actions of the Defendants, through their agents, servants and employees, in interfering with and/or restraining Plaintiff Geraci's ability to exercise her rights under the FMLA, constituted a violation of the FMLA.

30. The aforesaid actions of the Defendants were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Geraci's rights.

31. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendants, as aforesaid, Plaintiff Geraci has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

32. Plaintiff Geraci incorporates by reference paragraphs 1 through 31 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Geraci respectfully requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Geraci with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b. Defendant compensate Plaintiff Geraci with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Geraci liquidated damages, as allowable under the FMLA;

-7-

d.      Defendant pay to Plaintiff Geraci, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Geraci demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:      /s/ Sidney L. Gold, Esquire
         SIDNEY L. GOLD, ESQUIRE
         Attorney I.D. No.: 21374
         1835 Market Street, Suite 515
         Philadelphia, PA 19103
         (215) 569-1999
         **Attorney for Plaintiff**

Dated:        March 10, 2017

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 3/2/17

DENISE GERACI, PLAINTIFF